**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DAVID J. PALMER,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration,<br><br>　　　　　　　Defendant. | Case No. 08-CV-773-FHM |

**OPINION AND ORDER**

Plaintiff, David J. Palmer, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's December 7, 2004, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held May 11, 2007. By decision dated December 21, 2007, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on November 6, 2008. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 48 years old on the alleged date of onset, and 52 on the date of the ALJ's decision under review.  He has a high school education and formerly worked as oilfield worker/roustabout.  He claims to have been unable to work since February 1, 2002, as a result of brain aneurysm, arthritis in back, shoulder impingement, bone spur on heel, left knee problems, chronic stiff neck, and hearing problems.  [R. 79, 85].

The ALJ determined that Plaintiff has the residual functional capacity to perform the full range of light exertional work activity.  The ALJ determine that Plaintiff is unable to perform his past relevant work and relied on the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2. (Grids), Rule 202.20 to determine that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. [R. 22].  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence.  Specifically, Plaintiff argues that the ALJ: did not properly evaluate the opinion of his treating physician; failed to consider Plaintiff's hearing impairment in the residual functional capacity findings; and incorrectly employed the Grids to conclude that Plaintiff

2

is not disabled. The court finds merit in Plaintiff's arguments, therefore, the Commissioner's decision must be REVERSED and the case REMANDED for further proceedings.

An ALJ is required to give controlling weight to a treating physician's opinion if the opinion is both: (1) well supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) consistent with other substantial evidence in the record. *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004). If the ALJ rejects the opinion completely, he must give specific legitimate reasons for doing so. *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996), *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).

Plaintiff argues that the ALJ erred by failing to give controlling weight to the residual functional capacity report completed by his treating physician from Pawhuska Indian Health Center on January 10, 2007. In that report, Dr. Shea indicated that Plaintiff could sit less than 2 hours total in an 8 hour working day and could walk about two hours during the day when he is not in pain. [R. 247]. Dr. Shea's report does not support the ALJ's RFC findings. The ALJ rejected Dr. Shea's report saying:

> [A]fter review of the medical record in its entirety, the Administrative Law Judge finds that [Dr. Shea's] assessment is not consistent with the evidence of record, specifically the records from the physician's own clinic.

[R. 21]. Except for broadly noting that the Plaintiff has "been seen on a regular and continuing basis at the Pawhuska Indian Health Service," and that "the treatment has been essentially conservative in nature," the ALJ's decision provides no information about the content of the clinic records to support his conclusion about the lack of support for Dr. Shea's opinion. The Commissioner's brief supplies some information that would arguably

3

support the ALJ's finding, however the ALJ did not provide this information. The Tenth Circuit has held that "[the] court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) see also, *Allen v. Barnhart*, 357 F.3d 1140, 1142, 1145 (10th Cir.2004) (holding that district court's post hoc effort to salvage the ALJ's decision would require the court to overstep its institutional role and usurp essential functions committed in the first instance to the administrative process); *Robinson v. Barnhart,* 366 F.3d 1078, 1084-85 (10th Cir.2004) (per curiam) (same); *SEC v. Chenery Corp.,* 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943). The court finds that the ALJ's decision does not support the rejection of Dr. Shea's opinion, and therefore the decision must be reversed.

Further, the ALJ failed to either include a hearing loss in Plaintiff's RFC or explain why that impairment was omitted from the RFC. Plaintiff has been prescribed hearing aids. [R. 190]. On consultative examination Dr. Williams indicated Plaintiff's hearing was reduced. [R. 125]. In another consultative examination, Dr. Sutton observed that he had no difficulty communicating in a normal conversational tone of voice, but qualified that observation with the comment that it was made under "the most ideal circumstances and in a very quiet examination room." [R. 272]. The degree of hearing loss is not reported in the record, but there is no question that Plaintiff has some difficulty hearing. Loss of hearing is a non-exertional impairment which precludes conclusive reliance on the Grids to satisfy the Commissioner's burden at step five of the evaluative sequence. *Channel v. Heckler*, 747 F.2d 577, 580 (10th Cir. 1984) (grids may not be fully applicable in the presence of medically determinable impairments such as loss of vision and hearing which

do not limit physical exertion).  On remand, the ALJ is required to address Plaintiff's hearing loss.

Based on the foregoing, the Commissioner's decision is REVERSED and the case REMANDED for further proceedings consistent with this Opinion and Order.

SO ORDERED this 26th day of February, 2010.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE